**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

OFELINA R. SMITH,

Plaintiff,

Civil Action No. _____________

vs.

BANK OF AMERICA,
NATIONAL ASSOCIATION

Defendant.
_____________________________________/

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Bank of America, N. A. ("Defendant" or the "Bank"), through undersigned counsel, files this Notice of Removal of the above-captioned civil action currently pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. In support of this Notice of Removal, Defendant states as follows:

**I. Background.**

1. On October 21, 2026, Plaintiff Ofelina R. Smith ("Plaintiff") filed a Complaint against Defendant in the Seventeenth Judicial Circuit, in and for Broward County, Florida, styled *Ofelina R. Smith v. Bank of America, National Association*, Case No. CACE-26-016925 ("Complaint").

2. Defendant was served with the Summons and Complaint on October 26, 2026.

3. In the Complaint, Plaintiff asserts claims of failure to accommodate, disability discrimination, and retaliation, in violation of Florida Statutes § 760.10 *et seq.*

**II. This Notice of Removal is Timely Filed in the Proper Venue.**

4. Removal of this action to this Court is timely. Defendant was served with the Complaint on October 26, 2026, and this Notice of Removal is filed within 30 days after receipt by the Defendant of the Complaint and Summons. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint).

5. The United States District Court for the Southern District of Florida, Fort Lauderdale Division is the proper place to file this Notice of Removal because it is the federal district court that embraces the place where this action is pending. *See* 28 U.S.C. § 1441(a).

**III. This Court Has Diversity Jurisdiction.**

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

7. Complete diversity exists between the parties, in that Plaintiff and Defendant are citizens of different states.

8. Plaintiff is a citizen of Florida. *See* Complaint at ¶ 5.

9. Defendant Bank of America, N.A. is a national banking association organized under the laws of the United States, which has its main office in the State of North Carolina, and, therefore, is a citizen of North Carolina. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) (Supreme Court holding "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").

10. In the Complaint, Plaintiff seeks an unspecified amount of damages exceeding $50,000, exclusive of attorneys' fees. Compl. ¶ 2. When a plaintiff does not plead a specific amount of damages, a defendant wishing to remove the complaint from state court must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Rowe v. U.S. Bancorp*, 569 F. App'x 701, 703 (11th Cir. 2014) (citing *Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001)).

11. To determine the amount in controversy, district courts "may use their judicial experience and common sense." *Diaz v. Big Lots Stores, Inc.*, No. 5:10-CV-319-OC-32JBT, 2010 WL 6793850, at *2 (M.D. Fla. Nov. 5, 2010) (citing *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1062 (11th Cir. 2010)). And they must "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *See Roe*, 613 F.3d at 1061–62 (citation modified). "The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

12. In this case, the type and extent of damages sought by Plaintiff demonstrates, on its face, that the Complaint seeks an amount significantly higher than $75,000. Plaintiff seeks back pay and lost benefits and alleges that she has earned no wages from the Bank since January 28, 2026. Compl. ¶ 34 and the WHEREFORE clauses after ¶¶ 40 and 52.

13. Plaintiff also seeks "compensatory damages, including damages for emotional distress." Compl. WHEREFORE clauses after ¶ ¶ 40, 46, 52. Compensatory damages are not capped under Florida law. An award of compensatory damages could easily match an award for

economic damages. *Barnes v. JetBlue Airways Corp.*, No. 07-60441, 2007 WL 1362504, at *2 n.2 (S.D. Fla. 2007 May 7, 2007) ("With $33,400 in economic damages, perhaps $30,000 in compensatory damages, and more than $20,000 in attorney's fees, the total could reasonably exceed $75,000."). This further increases the amount in controversy above $75,000. *See Brown v. Cunningham Lindsey U.S., Inc.*, 305-CV-141J32, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (including possible emotional distress damages in amount in controversy).

14. Plaintiff also seeks punitive damages, Compl. WHEREFORE clauses after ¶ ¶ 40, 46, 52, which are capped under Florida law at $100,000. Section 760.11, Florida Statutes.

15. Lastly, Plaintiff seeks attorney's fees under Section 760.11, Florida Statutes. Compl. WHEREFORE clauses after ¶¶ 44, 46, 52. Attorney's fees should also be considered in the jurisdictional amount. *See Brown v. Cunningham Lindsey U.S. Inc.*, No. 305CV141J32HTS, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."). Thus, Plaintiff's attorney's fees are further evidence that the amount in controversy exceeds $75,000. *See Moshiach Cmty. Ctr. 770, Inc. v. Scottsdale Ins. Co.*, No. 17-62352-CIV, 2018 WL 6308671, at *2 (S.D. Fla. Jan. 23, 2018) (calculating potential attorney's fees through trial and finding they will "far exceed $20,000").

16. Relying on judicial experience, the Court should have no difficulty determining that these damages push the total well above the threshold amount. *See Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014) (determining jurisdictional threshold was met because, in addition to almost $45,000 in back pay, plaintiff sought compensatory and punitive damages, as well as attorneys' fees).

**V. Additional Procedural Matters.**

17. Pursuant to 28 U.S.C. § 1446(a), Defendant files herewith copies of all process, pleadings, and orders that have been served upon it to date in the state court action. *See* Exhibit 1.

18. Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of this removal to Plaintiffs and will file a copy of this notice with the clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

19. Under §§ 1331 and 1332(a), federal district courts have original jurisdiction over all civil actions where: (a) complete diversity of citizenship exists between the plaintiff and all properly joined defendants; and (b) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Here, both requirements are satisfied, for the reasons set forth above.

WHEREFORE, Defendant respectfully notices the removal of this action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

Dated: November 24, 2026

**MCGUIREWOODS LLP**

*/s/ Thomas R. Brice*
Thomas R. Brice
Florida Bar No. 0018139
tbrice@mcguirewoods.com
flservice@mcguirewoods.com
Caroline S. Dieterle
Florida Bar No. 1071276
cdieterle@mcguirewoods.com
flservice@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone: (904) 798-3412
Facsimile: (904) 360-6312

*Attorneys for Defendant Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by E-Mail on November 24, 2026 to the following:

Anthony M. Georges-Pierre, Esq.
Remer & Georges-Pierre & Hoogerwoerd, PLLC
2745 Ponce De Leon Boulevard
Coral Gables, FL 33134
agp@rgph.law

*Counsel for Plaintiff*

*/s/ Thomas R. Brice*
Attorney